**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 11-20551-53, 47

NATHAN REED AND AYESHA McCRAY,

    Defendant.
                                            /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR DISCOVERY**

Before the court is Defendant Nathan Reed's motion for "Supplemental Discovery and Early Disclosure of *Brady/Giglio* Material." Defendant Ayesha McCray joined Reed's motion. Having reviewed Defendants' motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). The Government has represented that it has, to date, complied with all of its discovery obligations, and it will continue to do so. (Dkt. # 728, Pg. ID 2868.) In fact, from the court's understanding of the Government's production, it has gone beyond any statutory or constitutional obligations. For instance, the

Government has offered to allow Defendants' respective attorneys to read redacted versions of the Jencks materials.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; *see also United States v. Bagley,* 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). However, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, *the government typically is the sole judge of what evidence in its possession is subject to disclosure.*" *Presser*, 844 F.2d at 1281 (emphasis added). The Supreme Court has stated that the "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59-60 (1987) (citations omitted). Indeed, the "Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary." *Id.* Thus, when a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, *the prosecutor's decision on disclosure is final.*" *Id.* (emphasis added) (footnote omitted). Consistent with this authority, the court will not issue an order compelling pre-trial discovery where, as here, the government has stated that it is aware of its obligations under *Brady*. As the Sixth Circuit stated in *Presser*, "the

2

government has represented that it will comply with all of its *Brady* obligations in time for effective use of the *Brady* material at trial. The *Brady* doctrine did not create a constitutional right of pre-trial discovery in a criminal proceeding." *Presser,* 844 F.2d at 1284 (citing *Weatherford v. Bursey,* 429 U.S. at 559).

To the extent Defendant Reed seeks any prior statements of prospective Government witnesses, whether from grand jury testimony or elsewhere, the Jencks Act expressly precludes such discovery at this stage of the proceedings. *See* 18 U.S.C. § 3500 ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."). Defendant Reed cannot utilize *Brady* to attain what is prohibited by the Jencks Act. *Presser*, 844 F.2d at 1283. The Government will be required, of course, to turn over any statements after their witnesses testify but, until such time, the Government is not mandated by the Constitution or the Jencks Act to produce the statements. In fact, in its response, the Government states that it "will give Defendant the requisite un-redacted Jencks materials and/or other plea and cooperation agreements, and impeachment materials two weeks before trial." (Dkt. # 728, Pg. ID 2868.) The Sixth Circuit has held that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated."[1] *Id.* Accordingly,

---

[1] Similarly, Defendant Reed "[is] not entitled to know, in advance of trial, who [is] going to testify for the government." *United States v. Dark*, 597 F.2d 1097, 1099 (6th

3

IT IS ORDERED that Defendants' motion for discovery (Dkt. ## 671, 674) is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 29, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

Cir. 1979).

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-20551-53.Mason.Deny.Rule16.rljr.wpd